SCHOTT, Chief Judge.
Plaintiffs are the survivors of Charles Mitchell, who is deceased. On July 27, 1987, Mitchell was a passenger on a bus owned by the Regional Transit Authority (RTA). He was injured when the bus came to a sudden stop to avoid a collision with an automobile owned by defendant, Budget Rent-A-Car. The trial court rendered judgment in favor of plaintiffs against Budget for $8,580. There is no mention of RTA in the judgment. Budget has appealed. The issue is whether there is sufficient evidence to support the imputation to Budget of the negligence of the person who was driving Budget’s car.
The bus driver testified that an automobile ran a stop sign directly in her path, requiring her to stop suddenly. This caused Mitchell to fall and be injured. An RTA investigator came on the scene. The driver and the investigator saw a Budget decal on the car, but they did not get the name of the driver. They said he looked Japanese. Budget admitted that it owned the car and afforded insurance on the vehicle. However, the lease contract is not in evidence.
*202 Since no one identified the driver, there is nothing to tie him to Budget’s coverage other than his operation of the car. We don’t know whether he was the lessee or an authorized user or neither of these. Budget was not obliged to provide omnibus coverage. Hearty v. Harris, 574 So.2d 1234 (La.1991). Even assuming that the lease contract and the insurance, if any, afforded omnibus coverage for anyone operating the car with the permission of the lessee, we do not know whether the driver had permission to drive the car. We do not even know if this person was licensed to drive. Consequently, there is no evidentia-ry basis for a judgment against Budget.
Accordingly, the judgment appealed from is reversed and there is judgment in favor of Budget Rent-A-Car of New Orleans, Inc. and against plaintiffs dismissing their suit against Budget at their cost.
REVERSED AND RENDERED.
Before SCHOTT, C.J., and CIACCIO and PLOTKIN, JJ.